IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDALL DEAN W.,[1]

        Plaintiff,

            v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

_____

Civ. No. 3:20-cv-02053-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff brings this action for judicial review of the Commissioner's decision denying his application for disability insurance benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). On February 15, 2018, Plaintiff filed an application for benefits, ultimately alleging disability as of January 27, 2017. Tr. 19.[2] After the administrative law judge ("ALJ") determined Plaintiff was not disabled under the Social Security Act, Plaintiff requested review by the Appeals Council, which declined to review the ALJ's decision. Tr. 3–8, 22. Plaintiff now appeals to the district court.

Plaintiff argues that the ALJ's step three residual functional capacity ("RFC") and step four findings were not supported by substantial evidence. Pl.'s Brief 4. Specifically, Plaintiff

_____

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

contends that the ALJ failed to consider the full extent of his pain-related concentration limitations and improperly weighed the medical evidence when formulating his RFC. Pl.'s Brief 4. Moreover, Plaintiff argues that the ALJ's vocational hypothetical did not properly reflect the true nature of Plaintiff's limitations. Pl.'s Brief 7. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial [evidence] means more than a mere scintilla but only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (internal quotations omitted). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies his burden with

respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. §

404.1520. At step five, the Commissioner must show that the claimant is capable of making an

adjustment to other work after considering the claimant's residual functional capacity (RFC),

age, education, and work experience. *Id*. If the Commissioner fails to meet this burden, then the

claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the

Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262

F.3d 949, 953-54 (9th Cir. 2001).

At step one, the ALJ found that Plaintiff had not engaged in any substantial gainful

employment since the onset date of his alleged disability. Tr. 17. At step two, the ALJ found that

Plaintiff has the following severe impairments: "lumbar spine degenerative disc disease; thoracic

spine degenerative disc disease; diabetes mellitus; history of congestive heart failure; [and]

obesity." *Id*. The ALJ listed Plaintiff's hypertension and depression as non-severe. *Id.* The ALJ

also considered the four broad functional areas of mental functioning in "paragraph B," and

found that Plaintiff has a mild limitation in the functional areas of "understanding, remembering,

or applying information," and "concentrating, persisting, or maintaining pace." Tr. 18; *See* 20

C.F.R. pt. 404, subpt. P, app. 1 § 12.00.A.2.b. At step three, the ALJ found that Plaintiff's

impairments do not meet the severity of one of the listed impairments in 20 C.F.R. Part 404,

Subpart P, Appendix 1. *Id.*

At this step, the ALJ also formulated the Plaintiff's RFC, finding that Plaintiff can

perform "less than the full range of light work as defined in 20 CFR 404.1567(b)." Tr. 19.

> The claimant is limited to lifting/carrying 20 pounds occasionally and 10 pounds
> frequently. He is limited to standing and/or walking for a total of about six hours
> and sitting for a total of about six hours in an eight-hour workday, with normal

breaks. The claimant requires a cane as needed for ambulation. The claimant is
limited to occasional climbing of ramps or stairs and no climbing of ladders, ropes,
or scaffolds. He is limited to occasional balancing, stooping, kneeling, crouching,
and crawling. He must avoid exposure to workplace hazards such as operational
control of moving machinery and unprotected heights.

*Id.* Finally, at step four, the ALJ found that Plaintiff could perform his past work in the roles of a

circuit layout technician, electronics technician, program manager, and electronics tester. Tr. 22.

## I.    The ALJ's Step Three RFC Determination

A claimant's residual functional capacity is the most they can do despite their limitations.

20 C.F.R. § 404.1545(a). An RFC is "based on all the relevant evidence in [the] case record,"

and an ALJ must consider each of the claimant's severe and non-severe impairments, including

the limiting effects of pain. 20 C.F.R. § 404.1545(a), (e). The regulations provide that,

Pain or other symptoms may cause a limitation of function beyond that which can
be determined on the basis of the anatomical, physiological or psychological
abnormalities considered alone; e.g., someone with a low back disorder may be
fully capable of the physical demands consistent with those of sustained medium
work activity, but another person with the same disorder, because of pain, may not
be capable of more than the physical demands consistent with those of light work
activity on a sustained basis.

20 C.F.R. § 404.1545 (e).

## A.    Weighing of Plaintiff's Symptom Testimony

Plaintiff contends that the ALJ did not properly weigh his symptom testimony when

formulating his RFC. Pl.'s Brief 7. "An ALJ engages in a two-step analysis to determine whether

a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison v. Colvin*,

759 F.3d 995, 1014 (9th Cir. 2014).  First, the ALJ determines, "whether the claimant has

presented objective medical evidence of an underlying impairment which could reasonably be

expected to produce the pain or other symptoms alleged." *Id.* (internal citations and quotations

omitted). If the first step is satisfied, and the ALJ finds no evidence of malingering, the ALJ next

determines the intensity and persistence of symptoms by considering "all of the available evidence from . . . medical sources and nonmedical sources." 20 CFR § 404.1529(c)(1). The ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989)). However, "the ALJ can reject the claimant's testimony about the severity of her symptoms *only* by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1015 (emphasis added).

Plaintiff contends that the ALJ failed to consider "critical aspects of Plaintiff's testimony concerning how his pain limits his ability to concentrate," and that the ALJ's partial rejection of his testimony was not supported by substantial evidence. Pl.'s Brief 4, 7. At Plaintiff's disability hearing on January 30, 2020, he testified that he uses a cane to support the weakness in his left leg, that going up and down the stairs is extremely difficult, and that he limits walking and standing to short periods because he experiences light headedness. Tr. 39–40, 47–48. Plaintiff also described sciatic nerve pain on his left and right side, and on occasion, experiences feelings of "an electric shock" in his shoulders, neck, feet, legs, and back. Tr. 42. Plaintiff also explained that he sleeps poorly because of his pain and that his lack of sleep, combined with the pain medication he takes makes it difficult to concentrate and solve problems. Tr. 43, 49–50. When asked about how his sleep affects his concentration abilities, Plaintiff replied "I don't have a concentration level that I would be able to do the type of work I was doing before." Tr. 50.

After considering Plaintiff's testimony, the ALJ found evidence of "some limitations from the claimant's pain complaints but [that] his allegations of *debilitating* symptoms [were]

not consistent with the treatment record." Tr. 20 (emphasis added). In reaching this conclusion, the ALJ properly went through the two-step analysis for determining credibility. *Garrison*, 759 F.3d at 1014. First, the ALJ found evidence of underlying impairments[3] that "could reasonably be expected to cause some of the alleged symptoms." Tr. 19. However, in step two, the ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.*

The ALJ offered several specific, clear, and convincing reasons for finding Plaintiff's testimony less than credible. Regarding Plaintiff's alleged concentration difficulties, the ALJ stated, "[t]here is no evidence to support the claimant's allegations of diminished concentration. He has not complained of concentration problems to any treating source and no physician has noted any concentration deficits[.]" Tr. 21. Indeed, out of more than 800 pages of medical records, there is almost no evidence of Plaintiff's difficulties with concentration, other than his testimony at the 2020 hearing.[4] Plaintiff did not report concentration problems to any of the examining physicians or psychologists, and as the ALJ notes, during Plaintiff's May 2018 Consultative exam, he "exhibited intact concentration" and completed the assigned tasks accurately. Tr. 21, 674. Additionally, the ALJ was persuaded by the medical opinions of state

---

[3] In particular, Plaintiff's diagnosis of lumbar spine degenerative disc disease and thoracic spine degenerative disc disease. Tr. 17.

[4] Although the ALJ did not cite this in her finding, the Court notes that when Plaintiff initially applied for benefits, he stated that he had no issues with concentrating, coherency, or understanding.  Tr. 176. When filling out the initial function report, Plaintiff only checked boxes that indicated trouble with lifting, standing, squatting, bending, walking, kneeling, and stair climbing. Tr. 206. He left blank the concentration, memory, completing tasks, understanding, and following instructions boxes. Tr. 206. Plaintiff also reported that he had not received or sought treatment for any mental conditions, including emotional or learning problems. Tr. 182.

agency psychological consultants Ben Kessler, Psy.D., and Susan South, Psy.D., who both reported that Plaintiff did not suffer from any cognitive impairments, including an inability to "concentrate, persist, or maintain pace." Tr. 75, 88. The ALJ found their opinions were "supported with explanation and are consistent with the claimant's lack of treatment for any mental impairment and normal mental status exam." Tr. 22.

Plaintiff contends that the ALJ's "only cited reason for rejecting the concentration testimony" (namely that Plaintiff did not report concentration issues to any a medical source) is an insufficient reason to reject his testimony. Pl.'s Brief 6. This Court disagrees. The Ninth Circuit has consistently found that a claimant's failure to report symptoms to medical providers is a clear and convincing reason to discredit testimony regarding those alleged symptoms. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (rejecting claimant's symptom testimony where he failed to report any shortness of breath or chest pain to medical sources); *Connett v. Barnhart*, 340 F.3d 871,874 (9th Cir. 2003) (noting discrepancy between claimant's testimony and actual medical records of weight loss when rejecting claimant's testimony).

Moreover, the ALJ listed several other reasons for discrediting the severity of Plaintiff's alleged symptoms. The ALJ noted that Plaintiff's job as a delivery driver for Graphic Information Systems ended in January of 2017 for reasons not relating to his disabilities. Tr. 19 Instead, Plaintiff testified that he was discharged because he did not "fit in." Tr. 19, 38. Shortly after losing his job, Plaintiff testified that he applied for and received unemployment benefits while continuing to look for customer service and other delivery jobs in 2017. Tr. 20, 38–39. Then in January of 2018, Plaintiff applied for disability benefits after his doctor suggested he

might be eligible. Tr. 20, 38–39. Based on this testimony, the ALJ reasonably concluded that Plaintiff's "job search activities after his alleged onset date are inconsistent with his allegations of debilitating symptoms." Tr. 20. Receipt of unemployment benefits and holding oneself out as ready for employment while also seeking disability benefits casts doubt on the legitimacy of a claimant's symptom testimony.[5] *Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (disregarding plaintiff's subjective pain testimony because he admitted to the ALJ and his doctor that he "left his job because he was laid off, rather than because he was injured").

The ALJ did not err in utilizing "ordinary techniques of credibility evaluation" in weighing the validity of Plaintiff's self-reported concentration limitations. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Because the ALJ provided "specific, clear and convincing reasons" for finding Plaintiff less-than credible, the ALJ did not err in giving little weight to Plaintiff's testimony when formulating the applicable RFC. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Smolen*, 80 F.3d at 1282).

**B.  The ALJ's Weighing of Medical Opinions**

Plaintiff also argues that the ALJ erred by finding *all* the medical opinions[6] in the administrative record unpersuasive, and that consequently, "the ALJ was left with little evidence

---

[5] However, "while receipt of unemployment benefits can undermine a claimant's alleged inability to work full-time," the record does not show whether Plaintiff was looking for full-time or part-time work. *Carmickle v. Comm'r,* 533 F.3d 1155, 1161-62 (9th Cir. 2008) (internal citations omitted). "Only the former is inconsistent with [Plaintiff's] disability allegations." *Id.*

[6] Plaintiff's broad contention that the ALJ rejected all medical opinions is incorrect. As stated above, the ALJ found persuasive Dr. Kessler's, Psy.D. and Dr. South's, Psy.D. opinions that

upon which to base the RFC finding." Pl.'s Brief 6–7. Plaintiff's argument is perplexing,

considering that the ALJ specifically disregarded the medical opinions that portrayed Plaintiff as

overexaggerating his physical impairments and that would have significantly called into question

Plaintiff's credibility. Tr. 69, 72.

The Ninth Circuit has clarified that under the new regulations, an ALJ's "decision to

discredit any medical opinion, must simply be supported by substantial evidence." *Woods v.

Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). "The most important factors that the agency

considers when evaluating the persuasiveness of medical opinions are *supportability* and

*consistency*." *Id.* at 791 (emphasis added) (internal quotations omitted); 20 C.F.R. §

404.1520c(a). The ALJ rejected the opinions of state agency physicians Drs. Kim Webster,

M.D., Peter Bernardo, M.D. and Thomas Davenport, M.D., who all found inconsistencies in

Plaintiff's functional abilities. Tr. 21–22. During Plaintiff's 2018 consultative exam Dr. Webster

reported that Plaintiff,

> moves around with an inconsistent lumbering gait at times with imbalance, at other
> times he uses a cane that does not seem to be necessary. There are instances of poor
> effort and inconsistencies, no pain behavior. He is able to get on and off the table,
> although does so very slowly, getting onto the exam table was done very slowly
> with behavior that seem to be intended to show me how weak his legs were. This
> seemed volitional in nature as he was able to slide off the exam table and support
> himself with his legs quite easily. Also during the musculoskeletal exam, he clearly
> had 5/5 strength in lower extremities.

Tr. 672. Dr. Webster concluded that Plaintiff exhibited minimal neuropathy in his feet,

exaggerated balance problems and weakness, and that there was no objective evidence to limit

sitting, standing, walking, lifting, carrying or other exertional limitations and postural

---

Plaintiff suffers from no cognitive impairments. Tr. 22, 75, 88. The ALJ found that their opinions
were both "supported with explanation and consistent" with the medical records. Tr. 22.

restrictions. Tr. 22, 674–75. The ALJ rejected Dr. Webster's conclusions as "inconsistent with the treatment record, which reflect[ed] persistent complaints of pain and weakness and some difficulties with diabetic control (Exhibit 6F-27, 34, 35, 42, 50)." Tr. 22. The ALJ also stated that Dr. Webster's findings were inconsistent with the imaging studies showing Plaintiff's disc degeneration and that they did not reflect the impact of Plaintiff's obesity related symptoms. Tr. 22. The ALJ's rejection of Dr. Webster's opinion was supported by substantial evidence and properly addressed the issues of supportability and inconsistency. 20 C.F.R. § 404.1520c(a).

Similarly, Drs. Bernardo, M.D. and Davenport, M.D. relied on Dr. Webster's examination to conclude that there was "insufficient evidence" to properly evaluate Plaintiff's functioning. Tr. 22. In rejecting this conclusion, the ALJ explained that the opinions were

> not supported by their narrative explanation, which outlines sufficient evidence, including an extensive treatment record, hospitalization records, imaging studies, and a consultative exam. The opinions are not consistent with the imaging studies showing degenerative changes or the treatment record, which reflects persistent complaints of pain and weakness and some difficulties with diabetic control (Exhibits 2F-42, 44, 6F-27, 34, 35, 42, 50).

Tr. 22. Once again, the ALJ offered substantial evidence to reject these medical opinions and illustrated how the conclusions were not supported by or consistent with Plaintiff's medical record. Tr. 22. In forming Plaintiff's RLC, the ALJ considered all the medical evidence from the record as a whole – including Plaintiff's physical therapy records, hospital records, and records of Plaintiff's treating physician – and properly rejected the state agency medical opinions that would have severely prejudiced Plaintiff's credibility. Plaintiff's argument that the ALJ's rejection of those opinions "left little evidence upon which to base the RFC finding" is futile. An ALJ has the discretion to reject any medical

opinion, if the decision is supported by substantial evidence. *Woods*, 32 F.4th at 787.  The

ALJ properly did so here.

## II.    The ALJ's Step Four Determination

Plaintiff further contends that the ALJ's determination that Plaintiff can perform his past

work as a circuit layout technician, electronics technician, program manager, and electronics

tester was not supported by substantial evidence. Tr. 22; Pl.'s Brief 7. Plaintiff argues that had

the ALJ included Plaintiff's inability to concentrate in the RFC, he would not have been found

able to perform his highly skilled past work. *Id.* In making her determination, the ALJ relied on

testimony from vocational expert Richard Hinks, who testified that all of Plaintiff's past jobs

included tasks that fit within Plaintiff's RFC. Tr. 22. The ALJ concluded that Plaintiff has the

RFC to perform "less than the full range of light work as described in 20 CFR 404.1567(b)." Tr.

19. Mr. Hinks characterized two out of four of Plaintiff's past jobs[7] as "sedentary" skilled

positions, and the other two as "light exertion and skilled." Therefore, it was reasonable for the

ALJ to conclude that Plaintiff is still able to perform these jobs, based on his RFC. Tr. 22.

But Plaintiff stresses that his previous work as a circuit layout technician depends on his

ability to concentrate and finish tasks in a timely manner. Pl.'s Brief 7.  Mr. Hink's testimony

also reflected this notion. When the ALJ asked whether past work would be available to a person

who is "limited to understanding and carrying out simple instructions," Mr. Hinks replied, "No

your honor." Tr. 54. Mr. Hinks also testified that that if a person took normal scheduled breaks

---

[7] Plaintiff's past jobs include "circuit layout technician (DOT# 003.261-018; sedentary exertion and skilled, SVP 8), electronics technician (DOT# 003.161-014; light exertion and skilled, SVP 7), program manager (DOT# 189.167-030; sedentary exertion and skilled, SVP 8), and electronics tester (DOT# 726.261-018; light exertion and skilled, SVP 7)." Tr. 22.

plus an additional two to three 15–20 minute breaks per day, "the worker would not be able to sustain competitive employment." Tr. 54.[8]

There is some merit to Plaintiff's argument that if his RFC reflected difficulties with sustained concentration and the need for additional breaks, the results of the ALJ's step four determination may have been different. But Plaintiff did not meet his burden of showing that he has any cognitive impairments or that he is unable to concentrate long enough to perform his past work. The ALJ weighed the credibility of Plaintiff's symptom testimony and offered rational reasons for rejecting Plaintiff's alleged symptoms. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld," and the reviewing court should not "substitute its judgment for that of the Commissioner." *Woods*, 32 F.4th at 788; *Gutierrez.*, 740 F.3d at 523 (internal quotations omitted).

Finally, Plaintiff argues that the ALJ failed to consider how Plaintiff's education level and the changing nature of the technology industry impacts his eligibility for reentry into the workforce. Pl.'s Brief 8. Plaintiff argues that entry into these technical jobs now requires a bachelor's degree and because Plaintiff only has his associates degree, he cannot be rehired into the field. *Id.* But nonfunctional factors such as past work experience and education are irrelevant at the step four inquiry, which only looks at whether the claimant has the physical and mental ability to perform past relevant work. 20 C.F.R. § 404.1560(b)(3); Def.'s Brief 13. The regulations specifically state:

> If we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do your past work and are not disabled. **We will not consider your vocational factors of age, education, and work**

---

[8] The ALJ concluded that Plaintiff can stand or sit for a total of six hours in a regular workday with normal breaks. Tr. 19.

**experience or whether your past relevant work exists in significant numbers
in the national economy.**

20 C.F.R. § 404.1560(b)(3) (emphasis added). The ALJ properly based her step four finding on

Plaintiff's physical and mental ability to perform his past work "as actually or generally

performed" and found that Plaintiff was not disabled. Tr. 22. There was no error in this decision.

## <u>CONCLUSION</u>

The ALJ's decision is free of legal error and supported by substantial evidence. The

Commissioner's final decision is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 30th day of November, 2022.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge